Date signed March 29, 2013



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In re:                                    *

CHRISTINA P. HUGHES,                      *          Case No. 12-14427-DER
                                                        (Chapter 13)
        Debtor.                           *

*       *       *       *       *       *       *       *       *       *       *       *       *

MORTGAGE ELECTRONIC             *
REGISTRATION SYSTEMS, INC., et al.,
                                *
        Plaintiffs,
                                *
vs.                                               Adversary Pro. No. 12-00232
                                *
CHRISTINA P. HUGHES, et al.,
                                *
        Defendants.
                                *

*       *       *       *       *       *       *       *       *       *       *       *       *

<u>MEMORANDUM OPINION</u>

        A trial on the merits was conducted in this adversary proceeding on February 21, 2013 at

which witnesses testified and the parties introduced various exhibits into evidence.  After hearing

the closing arguments of counsel, this matter was held under advisement. I now have had the opportunity to fully consider the evidence presented and the arguments of the parties, and I am prepared to rule on the claims made by the plaintiffs in their complaint.

The court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Local Rule 402 of the United States District Court for the District of Maryland. This proceeding is a "core proceeding" under 28 U.S.C. § 157(b)(2). This memorandum opinion constitutes the court's findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure (made applicable here by Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure).

This is an action in which the plaintiffs, Mortgage Electronic Registration Systems, Inc. ("MERS") and Chicago Title Insurance Company ("Chicago Title"), seek to establish (i) that their mortgage lien rights under a certain of deed of trust recorded in the land records of Anne Arundel County, Maryland were unaffected by what they assert is a mistakenly executed and recorded certificate of satisfaction, and (ii) that they remain entitled to enforce that deed of trust against real property owned by the debtor, Christina P. Hughes ("Christina Hughes"), and her husband, James K. Hughes ("James Hughes"). After consideration of all the evidence, I find the evidence to be clear and overwhelming that the certificate of satisfaction releasing the deed of trust was in fact executed and recorded by mistake and that, accordingly, MERS and Chicago Title are entitled to the relief sought in their complaint.

## Findings of Fact

The background facts and circumstances of this case are not disputed. Christina Hughes and James Hughes own as tenants by the entirety real property located in Anne Arundel County, Maryland that is commonly known as 2006 Haverford Court, Crownsville, Maryland 21032 (the

"Property").  On September 25, 2003, James Hughes obtained a loan from Guaranty Residential Lending, Inc. ("GRL") in the original principal amount of $440,000.00.  The loan was evidenced by a note dated September 25, 2003 [Plaintiffs' Exhibit 3] (the "Note") that was executed solely by James Hughes.  Repayment of the Note was secured by a deed of trust dated September 25, 2003 [Plaintiffs' Exhibit 4] (the "Deed of Trust") that was executed by both James Hughes and Christina Hughes.  The Deed of Trust was recorded in the land records of Anne Arundel County, Maryland on May 17, 2004, and granted GRL a lien on the interest of both James Hughes and Christina Hughes in the Property.  MERS was named as the beneficiary of the Deed of Trust.

By indorsement of the Note, GRL transferred its interest in the Note and thus the right to enforce the Deed of Trust to Countrywide Home Loans, Inc. ("Countrywide").  Bank of America acquired Countrywide and during all times relevant here Countrywide was owned and controlled by Bank of America.  On July 22, 2011, an employee of Bank of America acting on behalf of MERS executed a certificate of satisfaction stating that the indebtedness secured by the Deed of Trust had been "fully paid and discharged" [Plaintiffs' Exhibit 16] (the "Certificate of Satisfaction").  The Certificate of Satisfaction was recorded in the land records of Anne Arundel County, Maryland on August 3, 2011.  Subsequently, Souza LLC ("Souza") obtained a confessed judgment in the Circuit Court for Anne Arundel County, Maryland (the "Circuit Court") on August 23, 2011 in the amount of $60,000.00 against Christina Hughes and James Hughes.

On February 9, 2012, Chicago Title and MERS filed a lawsuit in the Circuit Court against Christina Hughes, James Hughes, and Souza in which they sought to set aside the Certificate of Satisfaction and to establish equitable mortgage rights in the Property.  Shortly thereafter, Christina Hughes filed a voluntary petition in this court on March 10, 2012 seeking

relief under Chapter 13 of title 11 of the United States Code (the "Bankruptcy Code"). As a result, the action filed by Chicago Title and MERS in the Circuit Court was stayed pursuant to § 362 of the Bankruptcy Code.

On March 30, 2012, Chicago Title and MERS filed a complaint in this court against Christina Hughes, James Hughes, Souza, and the Chapter 13 trustee that commenced this adversary proceeding.[1] In this action (like the one that preceded it in the Circuit Court), Chicago Title and MERS seek to establish that the Certificate of Satisfaction was unauthorized, was mistakenly executed and recorded after the Note was transferred by Countrywide to Chicago Title, and should be set aside so as to re-establish Chicago Title's lien rights under the Deed of Trust. Thus, this court is called upon to apply the ruling in *Bond v. Dorsey*, 65 Md. 310, 4 A. 279 (Md. 1886), in which the Court of Appeals of Maryland held that relief from a recorded release of a mortgage may be granted where the plaintiff proves by clear and overwhelming evidence that the release was the result of a mistake. The evidence presented in this case demonstrates clearly and overwhelmingly that the Certificate of Satisfaction was in fact executed and recorded as a result of a mistake.

At trial, Chicago Title and MERS called three witnesses to testify: Donna M. Sullivan (an in-house attorney employed by Fidelity National Title Group, an affiliate of Chicago Title); Erin M. Brady (an attorney with the firm of McCabe, Weisberg & Conway, LLC who represented Bank of America); and Melanie L. Johns (an employee of Bank of America). The defendants called two witnesses, Ms. Johns and Christina Hughes. Based upon the testimony of the

---

[1] Defendants Christina Hughes and Souza answered the complaint and appeared at the trial and opposed the relief sought by the plaintiffs. James Hughes was served with the summons and complaint, did not respond, and is in default. The Chapter 13 trustee filed an answer to the complaint, but later took no position on the relief sought in the complaint and filed a Motion to Excuse Appearance that was granted by the court. See Order entered on February 5, 2013 [Docket No. 46].

witnesses and the exhibits introduced into evidence, I make the following additional findings of fact.

James Hughes defaulted on his obligations under the Note, and as of July 28, 2010 the amount necessary to pay in full the indebtedness secured by the Deed of Trust was $343,997.26. Prior to that time, Chicago Title had issued lender's title insurance policies to two other lenders holding claims that were supposed to be secured by the Property. Concerned that Bank of America might foreclose on the Deed of Trust to the disadvantage of its insureds, Chicago Title began discussions with Bank of America sometime in or about July of 2010 regarding assignment of the Note and the Deed of Trust to Chicago Title. Those discussions ultimately resulted in an agreement that Chicago Title would pay Bank of America the sum of $343,997.26 in exchange for an assignment of the Note and the Deed of Trust.

On or about June 9, 2011, Chicago Title paid $343,997.26 to Bank America by wire transfer. On June 16, 2011, Chicago Title received from Bank of America by overnight delivery (i) the original Note indorsed in blank by Countrywide, (ii) the original Deed of Trust, and (iii) an Assignment of Deed of Trust executed by Jonathan Hyman, a Vice President of Bank of America, acting on behalf of MERS as nominee for Countrywide, which transferred all interest in the Note and the Deed of Trust to Chicago Title [Plaintiffs' Exhibit 14] (the "Assignment of Deed of Trust"). Another employee of Bank of America, Karen Malcomson, subsequently executed the Certificate of Satisfaction on July 22, 2011 indicating incorrectly and by mistake that the indebtedness secured by the Deed of Trust had been fully paid and discharged. Bank of America sent correspondence to James Hughes dated May 23, 2012 also indicating incorrectly and by mistake that the loan secured by the Deed of Trust had been paid in full as of July 13, 2011 [Debtor's Exhibit 11] (the "Paid in Full Notice"). Chicago Title was in possession of the

original Note at the time of trial, and had received no payment of the indebtedness secured by the Deed of Trust since the Note was transferred to it in 2011. In fact, James Hughes made no payments on his indebtedness under the Note after sometime in 2009. Christina Hughes never made any payments on the Note. At the time the Certificate of Satisfaction was executed and recorded, and at the time the Paid in Full Notice was sent, Chicago Title was the holder of the Note and the only party entitled to enforce the Deed of Trust. Chicago Title did not authorize execution of the Certificate of Satisfaction or the sending of the Paid in Full Notice, and the indebtedness secured by the Deed of Trust remained outstanding and unpaid in an amount of at least $343,997.26 as of the time of trial.

I find the evidence to be clear and overwhelming that the execution and recordation of the Certificate of Satisfaction was a mistake. I credit the testimony of each of the witnesses called by the plaintiffs. That testimony makes clear that the transaction between Chicago Title and Bank of America was, and was always intended to be, an assignment of the Note and the Deed of Trust, and not a satisfaction of the indebtedness under the Note and a release of the Deed of Trust. When the $343,997.26 payment was received by Bank of America, the internal communication with its payoff department was unclear and led to the mistaken belief by some Bank of America employees that the loan had been paid in full. As soon as the recordation of the Certificate of Satisfaction came to light, however, counsel for Bank of America recognized that it was inconsistent with the just completed transaction and at Chicago Title's request undertook steps to record a document reinstating the Deed of Trust, which ultimately proved fruitless because the document was rejected for filing by the Clerk of the Circuit Court.

Ms. Sullivan is a vice president and major claims counsel for Fidelity National Title Group, an affiliate of Chicago Title. She was the attorney responsible for handling claims

~ 6 ~

related to the Property and was personally involved on behalf of Chicago Title in the
negotiations concerning acquisition of the Note and the Deed of Trust from Bank of America.
She initiated the wire transfer request that resulted in the payment of $343,997.26 to Bank of
America.  In her email correspondence with Ms. Brady (who represented Bank of America),
Ms. Sullivan made clear that the transaction (however informal its documentation) was intended
to be an assignment, not satisfaction, of the Note and the Deed of Trust.  For example, Ms.
Sullivan sent Ms. Brady an email message on June 7, 2011 [Plaintiffs' Exhibit 10] in which she
said: "Actually, I am told [the $343,997.26 wire transfer] can go out Thursday.  I assume you
will be able to get the loan file and assignment documents to us the following week.  The funds
will be wired in consideration for same."  Ms. Sullivan testified that Chicago Title acquired the
Note and the Deed of Trust with the intent to enforce them by foreclosure against the Property.
Her email message to Ms. Brady on June 16, 2011 [Plaintiffs' Exhibit 13] makes this intent clear
– in that message Ms. Sullivan states, "I received the assignment document and original note and
deed of trust, as well as the loan history.  I did not, however, receive the entire loan file.  I would
like the entire file including the loan application, etc.  In the event the deed of trust is challenged,
I will need all those documents."  There is no conclusion one can reach from Ms. Sullivan's
testimony and email correspondence other than that she (and her client Chicago Title) intended at
all times for the Note and the Deed of Trust to be assigned to Chicago Title.

Ms. Brady is a Maryland attorney experienced in foreclosure matters who represented
Bank of America in litigation in the Circuit Court concerning (i) the Property, (ii) enforcement of
the Deed of Trust by Bank of America, and (iii) the transaction with Chicago Title concerning
the Note and the Deed of Trust.  In her email correspondence with Ms. Sullivan, Ms. Brady
made clear that she understood the transaction to be an assignment, not satisfaction of, the Note

and the Deed of Trust.  For example, Ms. Brady sent Ms. Sullivan an email message on June 3, 2011 [Plaintiffs' Exhibit 9] in which she said: "I am writing to check in on the wire transfer of the funds in exchange for the assignment for the BAC loan."  Ms. Brady testified that she was "definitely surprised" to learn of recordation of the Certificate of Satisfaction, that she viewed it as "counter to the intent of the agreement that we had," and that she contacted Ms. Sullivan and undertook efforts to rescind it.  Her email message to Ms. Sullivan on September 22, 2011 [Plaintiffs' Exhibit 15] makes clear that Ms. Brady understood recordation of the Certificate of Satisfaction was an error; in that message she states, "Attached please find the recorded certificate of satisfaction which Bank of America executed on July 22, 2011 and recorded on August 3, 2011.  I will be working on obtaining and recording a rescission of this certificate as soon as possible."  There is no conclusion one can reach from Ms. Brady's testimony and email correspondence other than that she (and her client Bank of America) intended at all times for the Note and the Deed of Trust to be assigned to Chicago Title.

Ms. Johns is employed by Bank of America as a mortgage resolution specialist whose responsibilities include overseeing mortgage litigation.  Her responsibilities included involvement in the litigation concerning the Property and the agreement between Bank of America and Chicago Title concerning the Note and the Deed of Trust.  She acted as the notary for the execution of the Assignment of Deed of Trust by Jonathon Hyman.  Ms. Johns testified that Mr. Hyman is a Vice President of Bank of America who has authority to sign documents on behalf of MERS.  Ms. Johns stated that the agreement between Bank of America and Chicago Title was that Bank of America would accept payment of the $343,997.26 in exchange for an assignment of the Note and the Deed of Trust.  Ms. Johns was contacted by the payoff department at Bank of America for instructions on how to post the payment after the wire

transfer was received from Chicago Title.  In her instructions to the payoff department, Ms. Johns failed to make clear that the $343,997.26 payment was not an ordinary payment in satisfaction of the loan.  Ms. Johns testified that the Certificate of Satisfaction was issued by mistake when the payment was received and posted by the payoff department.  There is no conclusion one can reach from testimony by Ms. Johns other than that Bank of America intended at all times for the Note and the Deed of Trust to be assigned to Chicago Title.

While I find Christina Hughes to be credible, her relevant testimony at best was merely that (i) she knows James Hughes received the Paid in Full Notice from Bank of America, (ii) neither she nor James Hughes ever received any correspondence from Bank of America or Chicago Title confirming the assignment and asking them to make all future payments on the loan to Chicago Title, and (iii) she did not pay off the indebtedness under the Note secured by the Deed of Trust and indeed never made any payments on that loan.  The testimony of Christina Hughes is not a basis upon which the court could ignore the testimony of Ms. Sullivan, Ms. Brady, and Ms. Johns, and conclude that Bank of America and Chicago Title might actually have intended for the indebtedness under the Note to be satisfied and for the Deed of Trust to be released.  In any event, nothing in the testimony of Christina Hughes persuades me that there is any conclusion one could reach from the evidence before the court other than that Bank of America and Chicago Title intended at all times for the Note and the Deed of Trust to be assigned to Chicago Title.

### Conclusions of Law

In Maryland, it is well settled that "[i]t is black letter law that a certificate of satisfaction recorded by mistake does not release a mortgagee from a lien or from the obligations that the lien secures."  *Simpson v. Levitsky (In re Levitsky)*, 401 B.R. 695, 721 (Bankr. D. Md. 2008).  Such a

mistaken release, however, "is effective as to subsequent bona fide purchasers." *Van Schaik v. Van Schaik*, 35 Md. App. 19, 26, 369 A.2d 133, 137 (1977).

In order to obtain relief from the effect of a certificate of satisfaction under Maryland law the plaintiff must prove by evidence that is clear and overwhelming that the certificate was mistakenly executed and recorded. *Bond v. Dorsey*, 65 Md. at 310. In *Bond v. Dorsey*, the Court of Appeals of Maryland found clear and overwhelming evidence of mistake where the "record is such as to leave no reasonable doubt in the mind of any one, who carefully examines it, that [the holder of the mortgage] did not intend to release the mortgage which had never been paid, and that the release was the result of a mistake." *Id.* at 316.

As I have indicated above, I have carefully examined the evidence presented in this case and I have no doubt that the intent of the transaction entered into by Bank of America and Chicago Title was for an assignment of the Note and the Deed of Trust to Chicago Title, and that the execution and recordation of the Certificate of Satisfaction was a mistake by Bank of America. The court also finds it revealing that the Certificate of Satisfaction was unauthorized. At the time Bank of America caused the Certificate of Satisfaction to be executed by MERS, Chicago Title was the holder of the Note and Bank of America lacked authority to release the indebtedness under the Note or the lien on the Property under the Deed of Trust. Under Maryland law, an assignment of a note carries with it the right to enforce the deed of trust securing repayment of the note. *Le Brun v. Frosise*, 197 Md. 466, 79 A.2d 543 (1951). By reason of the Assignment of Deed of Trust and physical possession of the Note indorsed in blank, Chicago Title was the holder of the Note and the party entitled to enforce or release the Deed of Trust. *See* Maryland Ann. Code, Commercial Law Art. § 3-205(b). *See also*, *Thomas v. Nadel*, 427 Md. 441, 446, 48 A.3d 276, 279 (2012) ("An indorsement made in blank – *i.e.*, that

does not identify a person to whom the instrument is payable – is payable to bearer and may be negotiated by transfer of possession alone."). Chicago Title did not authorize the execution or recordation of the Certificate of Satisfaction. I need not consider what effect if any Maryland law would give to an unauthorized release; suffice it to say here that in my mind the fact that the Certificate of Satisfaction was not authorized by the holder of the Note is itself compelling evidence that the Certificate of Satisfaction was executed and recorded by mistake.

Lastly, none of the defendants is entitled to treatment as a bona fide purchaser. Christina Hughes and James Hughes are the owners of the property, and under Maryland law they are not bona fide purchasers as to whom a mistakenly recorded release is effective. *Van Schaik*, 35 Md. App. at 25-26 ("if a release of a mortgage is mistakenly recorded, that release is effective as to subsequent bona fide purchasers, but the mortgage remains valid as between the parties"). Souza is not a bona fide purchaser because a judgment creditor is not entitled to the protection extended by Maryland law to bona fide purchasers. *Himmighoefer v. Medallion Indus.*, 302 Md. 270, 280, 487 A.2d 282, 287 (1985) ("a judgment creditor is not in the position of a bona fide purchaser"); *Stebbins-Anderson Co. v. Bolton*, 208 Md. 183, 188, 117 A.2d 908, 910 (1955); *Bennett v. Westfall*, 186 Md. 148, 153-54, 46 A.2d 358, 360 (1946). The Chapter 13 trustee as the representative of the bankruptcy estate of Christina Hughes is not a bona fide purchaser in this case because prior to the filing of the bankruptcy petition in this court the plaintiffs filed an action in the Circuit Court seeking to set aside the Certificate of Satisfaction as mistakenly executed and recorded, which action constituted a *lis pendens* under Maryland law that defeats a trustee's strong arm powers claim under § 544(a)(3) of the Bankruptcy Code. *Green v. HSBC Mortgage Svcs. (In re Green)*, 474 B.R. 790 (Bankr. D. Md. 2012). Thus, the mistakenly

executed and recorded Certificate of Satisfaction at issue here is not effective to release the Deed of Trust as to any of the defendants.

### Conclusion

For all of the above reasons, I have determined that (i) the plaintiffs have proven by clear and overwhelming evidence in accordance with *Bond v. Dorsey* that the Certificate of Satisfaction was executed and recorded as a result of a mistake, and (ii) the plaintiffs are entitled entry of a judgment granting the relief sought in their complaint.  A separate judgment will be entered consistent with this opinion.

cc:    Robert A. Scott, Esq.
       Gregory P. Robinson, Esq.
       Talia R. Tiffany, Esq.
       Ellen W. Cosby, Chapter 13 Trustee
       Mr. James Kevin Hughes
       Mark A. Neal, Assistant United States Trustee

### -- END OF MEMORANDUM OPINION --